IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**COASTAL ENERGY CORPORATION**                                    **PLAINTIFF**

V.                            **CASE NO. 3:18-CV-3021**

**HEAVY CONSTRUCTORS OF ARKANSAS, LLC;**
**JIMMY JONES EXCAVATION, INC.; and**
**BRITTINI R. SABATINI, PERSONAL REPRESENTATIVE**
**OF THE ESTATE OF JAMES L. JONES, DECEASED**        **DEFENDANTS**

## ORDER DIRECTING PAYMENT OF ATTORNEY'S FEES

Now before the Court are Plaintiff Coastal Energy Corporation's Motion for Attorney's Fees (Doc. 29) and Brief in Support (Doc. 30). Defendants failed to file any response in opposition to the Motion. Plaintiff and Defendants previously entered into a settlement agreement and executed a promissory note. (Doc. 26-2). In doing so, the parties agreed that Defendants owed Plaintiff the total amount of $480,000.00, to be paid monthly until paid in full. At some point, Defendants stopped their monthly payments and in doing so breached the settlement agreement. Plaintiff notified the Court of the breach, the case was reopened, and judgment was entered against Defendants, jointly and severally, in the remaining balance of the promissory note: $283,500.00. *See* Doc. 28.

The promissory note states that if Defendants fail to make their required payments, they agree to "pay all costs, charges and expenses, including reasonable attorneys' fees, incurred by [Plaintiff] for the collection of any sums due under this Note or enforcing any of [Plaintiff's] rights therein." (Doc. 26-2, pp. 6–7). Since it is undisputed that Defendants failed to pay the amounts owed under the promissory note, they now owe Plaintiff the reasonable amount of fees and costs incurred in enforcing the settlement and obtaining a judgment.

The Court reviewed Plaintiff's counsel's request for fees related to this enforcement action. *See* Doc. 29-1. The descriptions of the legal work and number of hours spent by counsel are both fair and reasonable. As for counsel's hourly rates, Mr. Scott's rate of $290.00 per hour and Mr. Wisley's rate of $260.00 per hour are both reasonable. Mr. Wooten's hourly rate of $425.00 per hour is somewhat excessive when compared to the cost of comparable legal services in the Northwest Arkansas legal market; accordingly, the Court reduces Mr. Wooten's rate to $350.00 per hour, which results in net decrease of $105.00 from counsel's bill. This means that the total approved fee award for bringing this enforcement action is $4,858.00. The Court also approves a copying charge of $4.65, which appears on counsel's bill. Therefore, the total amount of fees and costs owed to Plaintiff by Defendants, jointly and severally, is $4,862.65. This amount is contractually owed pursuant to the parties' settlement agreement and promissory note, and it is to be paid immediately.

As for Plaintiff's counsel's suggestion that the Court tack on another $532.35 in fees for attorney work "estimated" to have been performed since September 1, 2021, the Court declines the suggestion. This estimated additional fee is not substantiated by any time records. Moreover, the Court finds a total fee and cost award of $4,862.65 is reasonable under the circumstances.

**IT IS THEREFORE ORDERED** that Plaintiff Coastal Energy Corporation's Motion for Attorney's Fees (Doc. 29) is **GRANTED**, and Defendants, jointly and severally, are ordered to immediately pay Plaintiff's reasonable attorneys' fees and costs in the total amount of **$4,862.65**.

IT IS SO ORDERED on this 1st day of ~~September~~ October, 2021.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

3